SHADE CARTER, plaintiff in error, vs. THOMAS COMMANDER, defendant in error.

A judgment of the County Judge, upon possessory warrant, though not rendered in Term time, may be carried before the Judge of the Superior Court in the manner prescribed by the 31st Section of the Act organizing the County Court.

Certiorari. Decision by Judge HANSELL. At Chambers. September, 1866.

The County Judge of Thomas county tried a possessory warrant, sued out by Commander against Carter to recover

possession of a horse. The trial was had in vacation, and not at any regular or special Term of the County Court. The Judge awarded the possession to Commander, the plaintiff in the warrant.

Thereupon, the defendant, Carter, proceeded according to the 31st Section of the Act organizing the County Court, to bring the proceedings before the Judge of the Superior Court for review. When the case came up before him, Judge Hansell dismissed the certiorari, on the ground that the method pointed out in said Section of the Act, was not applicable to a possessory warrant tried by the County Judge out of Term.

This is complained of as error.

SEWARD & WRIGHT, for plaintiff in error,

SPENCER & HANSELL, for defendant.

WALKER, J.

We think the Court erred in dismissing the *certiorari*. The petitioner had complied with all the requisites of the statute providing for carrying up cases from the County to the Superior Court. Having done so, he was entitled to a hearing before the Judge of the Superior Court. We understand the provisions of the 31st Section of the Act organizing a County Court, *Pamph. Acts* 1865-6 *p.* 69, to apply to *all* cases of "parties complaining of error" committed by the County Judge, whether presiding in Term or otherwise. We, therefore, reverse the judgment of the Court below, and direct the hearing of the *certiorari* upon its merits.